**Sopan TARIGAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70522.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sarah Maloney, U.S. Department of Justice, Washington, D.C., WWS–District Counsel, Immigration and Naturalization Service Office of the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel, Seattle, WA, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A078–020–393.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Sopan Tarigan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny in part and grant in part the petition for review, and we remand.

The agency denied Tarigan's asylum application as time barred. Tarigan does not challenge this finding in his opening brief.

■ Substantial evidence supports the BIA's conclusion that Tarigan did not establish it is more likely than not that he will be tortured if returned to Indonesia. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122 (9th Cir.2004).

■ Tarigan credibly testified that the harm he suffered as a school principal in 1995 was on account of his Christianity. Substantial evidence does not support the agency's conclusion that Tarigan was not or would not be targeted because of his religion. *See Zhang v. Ashcroft,* 388 F.3d 713, 720 (9th Cir.2004) (per curiam). Accordingly, we grant the petition for review with respect to Tarigan's withholding of removal claim and remand to the BIA for

further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

